

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-24-2009

# James Douris v. Township of Middletown

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3580

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"James Douris v. Township of Middletown" (2009). *2009 Decisions.* Paper 202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-035                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3580
_____

JAMES GEORGE DOURIS,

Appellant

v.

MIDDLETOWN TOWNSHIP; MARY ALICE FELT, INDIVIDUAL AND OFFICIAL
CAPACITY; NEWTOWN BOROUGH; BRIAN STEVEN GREGG, INDIVIDUAL
AND OFFICIAL CAPACITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 06-cv-05312)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 5, 2009

Before: BARRY, FISHER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 24, 2009)

_____

OPINION
_____

PER CURIAM

     James Douris, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the Eastern District of Pennsylvania dismissing his civil rights action. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Douris filed a motion to proceed in forma pauperis in District Court in connection with a civil rights action against Middletown Township and other defendants. The District Court denied Douris's motion to proceed in forma pauperis, stating that Douris appeared to qualify financially for such status, but concluding that Douris's frequent filings in federal court constituted an abuse of the system and "extreme circumstances" that justified denying in forma pauperis status. The District Court noted that this was Douris's ninth lawsuit in the Eastern District of Pennsylvania since 1999, that all of his lawsuits had lacked merit, and that significant time and resources had been spent on Douris's claims. The District Court ordered Douris to pay the filing fee within 20 days or his action would be dismissed.

Douris appealed the District Court's order, and we affirmed, holding that the District Court did not err in denying Douris in forma pauperis status based on his abusive filings. Douris v. Middletown Township, et al., 293 Fed. Appx. 130, 132 (3d Cir. 2008) (unpublished opinion). We agreed with the District Court that Douris's abusive filings constituted "extreme circumstances" warranting an exception to the rule that leave to proceed in forma pauperis is based on a showing of indigence. See id. We noted that Douris had repeatedly and unsuccessfully filed lawsuits claiming civil rights violations, and that his lawsuits had required the expenditure of significant judicial resources. Id.

2

We remanded the case to give Douris the opportunity to pay the filing fee and pursue his complaint.[1]  On remand, the District Court ordered Douris to pay the filing fee within 20 days or his action would be dismissed.[2]

Douris did not pay the filing fee.  After the 20-day time period had passed, Douris filed a motion titled "The Court will Allow Plaintiff to Proceed with Complaint," asserting that he could pursue his complaint without payment of the court's fees.  The District Court dismissed the motion and the action because Douris had failed to pay the filing fee in accordance with the District Court's previous order.  This appeal followed.

As discussed above, we have already adjudicated Douris's appeal of the District Court's order denying in forma pauperis status, and Douris was unsuccessful.  Pursuant to our instructions, on remand the District Court issued an order giving Douris the opportunity to pay the filing fee or his complaint would be dismissed.  Because Douris did not pay the filing fee, the District Court did not err in dismissing Douris's complaint and his motion to pursue his complaint without payment of the court's fees.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the appeal is frivolous.  Douris's "Motion for the Court and Parties to Proceed with Readable Documents" is denied.

---

[1]We also vacated an order dismissing the complaint, which the District Court issued after Douris filed his notice of appeal.  See Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985).

[2]Douris appealed this order, and we dismissed the appeal for lack of jurisdiction because the order was not final for purposes of 28 U.S.C. § 1291.  See C.A. No. 08-4019.

3